**Exhibit C**

1

2

3

4

5

6

7

8

ROB BONTA
Attorney General of California
DANIEL A. OLIVAS, SBN 130405
Senior Assistant Attorney General
DEBORAH M. SMITH, SBN 208960
Supervising Deputy Attorney General
JUSTIN J. LEE, SBN 307148
NINA LINCOFF, SBN 348936
Deputy Attorneys General
  1515 Clay Street, 20th Floor
  Oakland, CA 94612
  Telephone:  (510) 879-1017
  Fax:  (510) 622-2121
  Email:  Nina.Lincoff@doj.ca.gov
*Attorneys for the People of the State of California*

9

10

11

12

BEFORE THE DEPARTMENT OF JUSTICE

OFFICE OF THE ATTORNEY GENERAL

STATE OF CALIFORNIA

13

14

15

16

17

| | |
|---|---|
| **In the Matter of the Investigation of:**<br><br>**The Plastics Industry** | **INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS**<br><br>**(Cal. Gov. Code, § 11180 et seq.)** |

18

19

20

21

22

**TO:**          **AMERICAN CHEMISTRY COUNCIL**

          **David L. Anderson**
          **Sidley Austin LLP**
          **555 California Street, Suite 2000**
          **San Francisco, CA 94104**
          **dlanderson@sidley.com**

23

24

25

26

**NOTICE:**     ( )     You are served as an individual.

          ( )     You are served as (or on behalf of) the person doing business under the
                  fictitious name of _____.

          (X)     You are served on behalf of:  **AMERICAN CHEMISTRY COUNCIL**

27

28

1

INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS

Pursuant to the powers conferred by California Government Code section 11180 et seq. upon the Attorney General of California, as head of the Department of Justice, which powers the Attorney General has delegated to Senior Assistant Attorney General Daniel A. Olivas, Supervising Deputy Attorney General Deborah M. Smith, and Deputy Attorneys General Justin J. Lee and Nina Lincoff, and any other attorney assigned to this investigation:

**AMERICAN CHEMISTRY COUNCIL, a non-profit trade association for the chemicals industry, IS HEREBY COMMANDED** to produce the DOCUMENTS, papers, books, records, and other items described below in YOUR custody, possession, or control, or the custody, possession, or control of YOUR subsidiaries, affiliates, parents, predecessors, successors, employees, partners, officers, agents, or representatives within thirty (30) days of service hereof.  These DOCUMENTS shall be delivered to the California Department of Justice, Office of the Attorney General, 1300 I Street, Suite 125, Sacramento, CA 95814, ATTN: DEBORAH SMITH, SUPERVISING DEPUTY ATTORNEY GENERAL.

YOU may seek the advice of an attorney in any matter connected with this subpoena. YOU should consult YOUR attorney promptly so that any problems concerning YOUR production of DOCUMENTS may be resolved within the time required by this subpoena.

**FAILURE TO COMPLY WITH THE COMMANDS OF THIS SUBPOENA WILL SUBJECT YOU TO THE PROCEEDINGS AND PENALTIES PROVIDED BY LAW.**

**<u>DEFINITIONS</u>**

Definitions for industry or trade terms contained herein are to be construed broadly. Where the industry or trade definition set forth herein does not coincide precisely with YOUR definition, the DOCUMENT request should be responded to by using the definition which YOU apply and/or recognize in your usage of the term, and YOU must document YOUR definition in the response.

1.     "AMERICAN CHEMISTRY COUNCIL" means the non-profit trade association for the chemicals industry, with the address 700 Second Street, NE, Washington, DC 20002 including subordinate or affiliated organizational units of any kind, such as parents, divisions,

INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS

affiliates, partnerships, subsidiaries, predecessors including all present and former officers, directors, employees, agents, consultants, attorneys, representatives or other persons acting on behalf of the foregoing.

2.    "COMMUNICATION" or "COMMUNICATIONS" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas, or transmission or exchange of data or other information with or to another PERSON, whether written or oral, by telephone, letter, personal delivery, intercom, telex, fax, email, text message, voicemail, voice message, compact or floppy disc, or any other process or medium.  Any such COMMUNICATION in writing shall include without limitation any printed, typed, handwritten, or other readable DOCUMENTS RELATED TO the COMMUNICATION.

3.    "DOCUMENT" or "DOCUMENTS" means any papers, books, accounts, documents, and writings as defined in Evidence Code section 250, whether in hard copy or electronically stored.  Electronically stored DOCUMENTS include, but are not limited to, current and archived emails, attachments, text messages, instant messages, and any form of electronic messaging.  Sources of electronically stored DOCUMENTS include, but are not limited to:

(i) Desktop personal computers ("PCs") and workstations; PCs, workstations, minicomputers, and mainframes used as file servers, application servers, or mail servers; laptops, notebooks, and other portable computers, whether assigned to individuals or in pools of computers available for shared use; home computers used for work-related purposes; and cellular telephones used for work-related purposes.

(ii) Backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored offsite by a third-party, such as, without limitation, in a disaster recovery center.

(iii) Computers, telephones used for work purposes, and offline storage media used by agents, vendors, consultants, sales personnel, representatives, and other

INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS

PEOPLE acting for or on behalf of YOU, including, without limitation, PEOPLE who are not YOUR employees or who do not work on YOUR premises.

4.      The "ENVIRONMENTAL CLAIMS SURVEY" means the survey conducted from January 30, 2023 through February 8, 2023, and all associated work product and COMMUNICATIONS, by the AMERICAN CHEMISTRY COUNCIL and Heart+Mind Strategies, as referenced in YOUR April 20, 2023 press release titled, "Advanced Recycling is Recycling, 88% of Americans Say in Survey" published on YOUR website at https://www.americanchemistry.com/chemistry-in-america/news-trends/press-release/2023/advanced-recycling-is-recycling-88-of-americans-say-in-survey.

5.      "MARKET," "MARKETED," or "MARKETING" means to advertise, publish, promote, persuade, or educate, including through product studies or trials, conferences, speeches, presentations, meetings, direct mail, recordings, public relations, email, videos, websites, television, newspapers, magazines, and/or social media including, but not limited to, Twitter, YouTube, Facebook, and Instagram.

6.      "PERSON" or "PEOPLE" means any natural person, individual, business entity (whether partnership, corporation, limited liability company or corporation, trust estate, or incorporated or unincorporated association), governmental agency or entity, and any other legal or commercial entity however organized.

7.      "RELATE TO," "RELATING TO," or "RELATED TO" means about, alluding to, analyzing, concerning, commenting on, connected to, constituting, discussing, describing, directing, documenting, evidencing, governing, mentioning, pertaining to, referencing, referring to, reflecting, regarding, responding to, showing, or stating.

8.      "YOU" and "YOUR" refers to the AMERICAN CHEMISTRY COUNCIL, as defined above.

9.      As used herein, "including" means "including but not limited to."

4

INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS

10.     As used herein, the terms "and" and "or" shall be construed to include and as well as or.  The terms shall be interpreted conjunctively and shall not be interpreted to exclude any information otherwise within the scope of the request.

## INSTRUCTIONS

**DO NOT DESTROY ANY DOCUMENTS RELATING TO OR REQUESTED IN ANY OF THESE DOCUMENT REQUESTS**

1.     Unless specified otherwise, the applicable time period for each DOCUMENT request is from January 1, 2021, until the date YOUR full responses to these DOCUMENT requests are due.  Any DOCUMENTS RELATING TO this period are to be produced, regardless of whether the DOCUMENTS came into existence before, after, or during this period.

2.     Each DOCUMENT produced pursuant to this subpoena should be identified according to the particular numbered request to which it is responsive.  In lieu of indicating on each DOCUMENT the request to which it is responsive, YOU may provide an index of all DOCUMENTS YOU produce, as long as this index shows the appropriate numbered request to which each DOCUMENT or group of DOCUMENTS is responsive.

3.     As used herein, the past tense includes the present and future tenses, the present tense includes the past and future tenses, and the future tense includes the past and present tenses; tenses must be construed in the manner that would include, rather than exclude, information.  In addition, the use of the singular form of a word includes the plural, and vice-versa.

4.     Unless otherwise specified, original DOCUMENTS must be produced.  If YOUR "original" is a photocopy, then the photocopy would be and should be produced as the original.  Each such photocopy shall be legible and bound or stapled in the same manner as the original.

5.     This subpoena calls for the production of all responsive DOCUMENTS and information in YOUR possession, custody, or control, regardless of whether such DOCUMENTS or information is possessed directly by YOU or by YOUR directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, and investigators, or by YOUR attorneys or their agents, employees, representatives, or investigators.

INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS

6. DOCUMENTS not otherwise responsive to this subpoena shall be produced if such DOCUMENTS RELATE TO DOCUMENTS that are requested by this subpoena, or if such DOCUMENTS are attached to DOCUMENTS requested by the subpoena and constitute enclosures, attachments, addenda, exhibits, routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

7. If any responsive DOCUMENT or information cannot be produced in full, YOU are to produce it to the extent possible, state or otherwise indicate which DOCUMENT or information or portion thereof is being withheld, and state each and every reason that DOCUMENT or information or portion thereof is being withheld.

8. If YOU do not possess, control, or have custody of any DOCUMENT responsive to any request set forth below, state this fact by so specifying in YOUR response to said request, and identify any PERSON in whose possession YOU believe the DOCUMENT to be.

9. If a DOCUMENT once existed but has been lost or destroyed or is missing or cannot be found, provide information sufficient to identify the DOCUMENT, state the details RELATED TO its loss or destruction, and provide any DOCUMENTS RELATED TO its loss or destruction.

10. If any DOCUMENT responsive to a request is withheld from production for any reason, state the following with respect to each such DOCUMENT:

(i) The title of the DOCUMENT;

(ii) The name of the author of the DOCUMENT;

(iii) The DOCUMENT'S date of preparation;

(iv) The subject matter of the DOCUMENT;

(v) The name of the custodian of the original of the DOCUMENT and the name of the custodian of any copies of the DOCUMENT; and

(vi) Each and every reason why YOU have withheld the DOCUMENT from production.

INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS

11.     To the extent responsive DOCUMENTS, COMMUNICATIONS, or other things exist in an electronic format, please contact the officer issuing this subpoena to discuss the manner and format in which the DOCUMENTS, COMMUNICATIONS, or other things are to be produced to facilitate the production of full and complete copies in a usable format.  In the absence of a separate agreement regarding the manner and format of production, the following instructions shall apply to electronically stored information:

(i) The information shall be provided on CD/DVD or external hard drive formatted as follows:

a. Native files shall be converted to Bates numbered single page tiff (black and white) or jpg (color) files;

b. Multipage text files shall be named based on the associated Bates number containing extracted or OCR text;

c. Image load files shall be in Opticon or Ipro format;

d. Relativity data files shall include all metadata fields including Sha-1 hash value and attachment range for compound documents;

e. Any Excel document or native document that includes formulas shall be in a native file format;

f. Any audio files shall be in a WAV file format; and

g. Any video files shall be in an AVI file format.

(ii) The response should include all DOCUMENTS and computer programs necessary for the accurate conversion, analysis, and review of the electronic record, information, and data, including but not limited to operating instructions, manuals, user guides, keys, legends, and codes for systems, programs, files, and data fields.

12.     In the event obtaining electronic DOCUMENTS in an effective manner will require our access to electronic hardware in YOUR possession, custody, or control, we request

INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS

that YOU notify us at least ten (10) days prior to the date set for production, to develop a plan for the production and copying of electronic DOCUMENTS.

13.    If YOU or YOUR counsel assert that any DOCUMENT or other item requested herein is privileged or otherwise protected, in whole or in part, YOU must create and submit a privilege log that sets forth the following information:

(i) The place, approximate date, and manner of recording, creating, or otherwise preparing the DOCUMENT, COMMUNICATION, or other thing;

(ii) A description of the type of DOCUMENT, COMMUNICATION, or other thing, including its subject matter;

(iii) The name and organizational position, if any, of each sender, recipient, custodian, or person participating in the preparation or creation;

(iv) A detailed explanation setting forth the factual and legal basis for YOUR claim that the DOCUMENT, COMMUNICATION, or other thing is privileged or otherwise immune from production; and

(v) Information that identifies each PERSON claiming that any information or response requested herein is privileged or otherwise protected.

14.    At the date, time, and location for production of the requested DOCUMENTS, COMMUNICATIONS, and other things, YOU must provide a declaration from YOUR custodian of records that complies with California Evidence Code sections 1560, 1561, 1562, and 1271.

15.    YOUR written answers to these DOCUMENT requests must be signed, dated, and verified by the person providing the answers.

**DOCUMENTS TO BE PRODUCED**

1.    All DOCUMENTS and COMMUNICATIONS RELATED TO the ENVIRONMENTAL CLAIMS STUDY, including, but not limited to, the proposal, planning, execution, and follow-up regarding the ENVIRONMENTAL CLAIMS STUDY.

2.    All DOCUMENTS and COMMUNICATIONS RELATED TO the funding of the ENVIRONMENTAL CLAIMS STUDY.

INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS

## DECLARATION OF NINA LINCOFF

I, Nina Lincoff, declare as follows:

1.      I am a Deputy Attorney General of the State of California.

2.      The Attorney General of California, pursuant to California Government Code section 11180, has authorized an investigation of possible violations relating to business practices and subjects under the jurisdiction of the California Department of Justice.

3.      I have been delegated authority by the Attorney General to conduct said investigation and hold hearings connected to the investigation pursuant to California Government Code section 11182.

4.      The Attorney General's Office has received information that the AMERICAN CHEMISTRY COUNCIL'S promotion and marketing of recycling plastic may have resulted in legal violations.  These violations include potential common law and statutory violations, such as products liability, public nuisance, and violations of the California Unfair Competition Law (Bus. & Prof. Code, §§ 17200 et seq.), California False Advertising Law (Bus. & Prof. Code, §§ 17500 et seq.), and other laws regarding environmental protection, public health, and consumer protection.

5.      The facts set forth herein are personally known to me, and I have first-hand knowledge of the same.  If called as a witness, I could and would competently testify thereto under oath.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 6th day of December, 2023 in Oakland, California.


*Nina Lincoff*
Nina Lincoff

INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS

## DECLARATION OF SERVICE BY E-MAIL

Case Name:    In the Matter of the Investigation of the Plastics Industry

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter

On December 6, 2023, I served the attached **INVESTIGATIVE SUBPOENA FOR RECORDS AND DOCUMENTS** by transmitting a true copy via electronic mail, addressed as follows:


David L. Anderson
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
**E-mail Address**:  dlanderson@sidley.com
*Attorney for American Chemistry Council*


I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 6, 2023, at Los Angeles, California.

| | |
|---|---|
| J. Cortez | |
| Declarant | Signature |

SA2019104913