UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL, INC., <br><br> *Plaintiff*, <br><br> ROB BONTA, in his Official Capacity as Attorney General of California, <br><br> *Defendant*. | Civil Action No. 24-CV-01533-APM |

**DEFENDANT'S MOTION FOR A 20-DAY
EXTENSION OF TIME, OR IN THE ALTERNATIVE, AN UNOPPOSED
REQUEST FOR A 5-DAY EXTENSION TO FILE OPPOSITION TO
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

Defendant Rob Bonta, in his Official Capacity as Attorney General of California, ("Defendant or Attorney General Bonta") respectfully requests a 20-day extension of time to file his opposition to Plaintiff American Chemistry Council's ("Plaintiff") Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") in the above-captioned matter, to Thursday, July 11, 2024. In the alternative, Defendant requests a 5-day extension of time to file, to Tuesday, June 25, 2024, a date agreed to by the Plaintiff. Rumsey Decl., ¶ 9.

This case involves a constitutional challenge to subpoenas that were issued as part of an ongoing administrative investigation initiated by Attorney General Bonta in the state of California. On May 24, 2024, Plaintiff filed a complaint for declaratory and injunctive relief, which was served on Defendant on May 29, 2024. ECF No. 1. The complaint alleges two counts, both of which contend that the subpoenas violate Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution.[1]

---

[1] The Second Count also alleges violation of Plaintiff's rights under Fourth Amendment of the United States Constitution.

Almost three weeks later, on Thursday, June 13, 2024, Plaintiff served Defendant with its Motion, which seeks extraordinary emergency relief. The Motion consists of forty-four (44) pages and includes two (2) declarations, along with a motion to seal, which attaches three (3) additional declarations. ECF. No. 16.

The same day Defendant was served with the Motion, the Court immediately directed the parties to confer regarding a briefing schedule on the Motion. One issue the parties resolved was that Plaintiff would not seek a Temporary Restraining Order if Defendant delayed pursuing enforcement of the investigative subpoena in state court. Rumsey Decl., ¶ 5. The parties further agreed, without the benefit of fully reviewing this comprehensive Motion, that Defendant's opposition to the Motion (specifically, the Preliminary Injunction) would be due on Thursday, June 20, 2024. In exchange, Defendant agreed to refrain from pursuing enforcement of an investigative subpoena in state court until June 21, 2024. Rumsey Decl. ¶ 5.

After the briefing schedule was submitted to the Court, the Opposition was assigned to a Deputy Attorney General and a Supervising Deputy Attorney. Decl. Morrison, ¶ 3. Working over the weekend, Defendants' attorneys realized the Motion raised numerous important and nuanced constitutional claims. Having only five business days to respond to the Motion would severely hamper Defendant's ability to address the important questions of constitutional law with implications for First, Fourth and Fourteenth Amendment litigation. Morrison Decl., ¶ 4. Further, it was apparent the Opposition would address identical issues, including some of the threshold justiciability concerns that Defendant intended to raise in response to the complaint, which is due July 18, 2024.

Pursuant to Local Rule 7(m), on June 19, 2024, Defendant and moving party communicated with Plaintiff's counsel on two occasions about whether Plaintiff would oppose or respond to this motion for an extension. Plaintiff's counsel represented that Plaintiff could only agree to a five-day extension of time, to June 25, 2024. Rumsey Decl. ¶ 9; Morrison Decl., ¶ 5. Unfortunately, both the assigned attorney and supervising attorney will be on long-planned and pre-paid family vacations from June 21, 2024 through July 5, 2024. Rumsey Decl. ¶ 11; Morrison Decl., ¶ 2. Thus, Plaintiff's agreement to extend the deadline until Tuesday, June 25, 2024, will not accomplish

Defendant's aim of having additional time to work on the Opposition. In return, Defendant offered to delay pursuing enforcement of the subpoena in state court to one day after this Opposition was filed to ensure Plaintiff would suffer no prejudice by any extension. Rumsey Decl. ¶ 8; Morrison Decl. ¶ 5. Plaintiff agreed to a five-day extension until June 25, but would not agree to extend the time to July 18, 2024 or July 11, 2024. Morrison Decl. ¶ 6. Plaintiff's counsel communicated that Plaintiff believed it was still suffering harm because its members were fearful to communicate with one another. Rumsey Decl. ¶ 10; Morrison Decl. ¶ 5.

    Defendant respectfully requests the Court grant a 20-day extension so Defendant's Opposition is due on July 11, 2024. This will allow Defendant to complete the Opposition after the attorneys return from their vacations. This case involves important questions of constitutional law with implications for First, Fourth and Fourteenth Amendment litigation throughout the D.C. Circuit. A 20-day extension would better enable the preparation of an Opposition brief that would be most helpful to the Court in its resolution of these important questions. The short extension would still allow the Court to expeditiously rule on the Motion.

    This is Defendant's first request for an extension to this Motion. Morrison Decl. ¶ 7. Defendant earlier sought and this Court granted a 30-day extension of time for Defendant to respond to Plaintiff's complaint. Defendant's response is due July 18, 2024. Rumsey Decl. ¶ 2.

//

For the foregoing reasons, Defendant respectfully requests a 20-day extension of time to file his Opposition, to July 11, 2024. In the alternative, Defendant respectfully requests the Court grant the *unopposed* request to extend the deadline for the Opposition to June 25, 2024.

Dated: June 19, 2024					Respectfully submitted,

ROB BONTA
*Attorney General of California*
DANIEL A. OLIVAS
ED OCHOA
Senior Assistant Attorneys General
VANESSA MORRISON
Supervising Deputy Attorney General

/s/ *Elizabeth B. Rumsey*
ELIZABETH B. RUMSEY
*Deputy Attorney General*
*Attorneys for Defendant Rob Bonta, in his Official Capacity as Attorney General of California*