**ROB BONTA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

1515 CLAY STREET, 20th FLOOR
OAKLAND, CA 94612-1492

Telephone: (510) 879-0860
Facsimile: (510) 622-2270
E-Mail: liz.rumsey@doj.ca.gov

August 30, 2024

Honorable Amit Mehta
U.S. District Court, District of Columbia

*Via E-Filing*

**RE:** *American Chemistry Council v. Bonta*, **No. 24-CV-01533 APM**
     **Supplemental Caselaw**

Dear Judge Mehta,

At oral argument in the above-captioned matter on Wednesday, August 8, 2024, the Court authorized the parties to submit additional information on relevant case law to the Court. We wish to bring the Court's attention to two cases that address commercial speech.

Citing *Harris v. Quinn*, 573 U.S. 616, 648 (2014), counsel for ACC asserted that commercial speech is "speech that does no more than propose a commercial transaction." Controlling caselaw undermines this assertion.

While that may be the "core" of commercial speech, a number of circuits, including this one in a case that postdates *Quinn*, have recognized that "outside this so-called 'core' of commercial speech 'lie various forms of speech that combine commercial and noncommercial elements." *Bad Frog Brewery, Inc. v. New York State Liquor Auth.*, 134 F.3d 87, 97 (2d Cir. 1998) (quoting *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66 (1983)), *cited in Nat'l Ass'n of Manufacturers v. S.E.C.*, 800 F.3d 518, 523, n.12 (D.C. Cir. 2015). The *Bad Frog* court continued, "Whether a communication combining those elements is to be treated as commercial speech depends on factors such as whether the communication is an advertisement, whether the communication makes reference to a specific product, and whether the speaker has an economic motivation for the communication." *Id*.

As particularly relevant here, the *Bolger* Court—addressing speech that combined elements of commercial and speech on matters of public importance—stated,

> We have made clear that advertising which links a product to a current public debate is not thereby entitled to the constitutional protection afforded noncommercial speech. *A company has the full panoply of protections available to its direct comments on public issues, so there is no reason for providing similar constitutional protection when such statements are made in the context of commercial transactions.* Advertisers should not be permitted to immunize false or misleading product information from government regulation simply by including references to public issues.

*Bolger*, 463 U.S. at 66 (internal quotations and citations omitted, emphasis added).

We appreciate the opportunity to bring these cases to the Court's attention.

    Sincerely,

    /s/ *Liz Rumsey*
    LIZ RUMSEY
    Deputy Attorney General

For    ROB BONTA
    Attorney General