UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL, INC., *Plaintiff*, v. ROB BONTA, in his Official Capacity as Attorney General of California *Defendant*. | Case No. 1:24-cv-01533-APM<br><br>HON. AMIT P. MEHTA<br><br>**ORAL ARGUMENT REQUESTED** |

**AMERICAN CHEMISTRY COUNCIL, INC'S RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff the American Chemistry Council, Inc. ("ACC") respectfully moves pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1 for a temporary restraining order restraining Defendant Rob Bonta, in his Official Capacity as Attorney General of California, or his officers, agents, servants, and employes from seeking to further enforce an investigative subpoena issued to ACC on December 6, 2023 until ACC's request for a preliminary injunction, made simultaneously, can be heard and resolved. Plaintiff further requests that the Court grant a preliminary injunction enjoining Defendant from enforcing his investigative subpoena until the final resolution of this matter. Given the previous briefing and oral argument on ACC's first motion for a temporary restraining order and preliminary injunction, and the urgent and serious nature of this dispute, ACC respectfully requests that the Court expedite ruling on this amended motion.

Bonta commanded, in a December 6, 2023 investigative subpoena, that ACC produce documents and communications related to ACC's efforts to petition the Federal Trade Commission

1

("FTC") on behalf of its members. ACC complied with the subpoena but withheld certain materials the production of which would intrude upon and chill ACC's free speech, petitioning, and associative rights. Bonta has continued to seek the withheld materials, including through a demand letter, meet and confers, and – in direct response to ACC's initiation of this case – by filing a petition to enforce the subpoena in California state court. Particularly in light of that responsive filing, which characterized ACC's suit in this Court as illegitimate, ACC believes temporary and preliminary relief is necessary to protect ACC's constitutional rights during the pendency of this litigation.

Bonta's actions in pursuing subpoena enforcement are unlawful and should be enjoined, for two practically related but legally independent reasons. First, Bonta's investigation is retaliatory—based exclusively on ACC's participation in the FTC's notice-and-comment process—and intended to punish ACC for the way it has exercised its constitutional rights to speak, associate with its members, and petition the government. Second, the documents Bonta seeks are privileged under the First Amendment and California Constitution. Bonta asserts that ACC's viewpoint is "false" and therefore ACC's materials are not subject to the typical constitutional protections. But Bonta's falsity assertions lack substance. His real objection to ACC's First Amendment activities is, in fact, that he disagrees with the viewpoint ACC has promoted.

Bonta's actions are actively and increasingly chilling ACC's exercise of its constitutional rights. His actions have caused ACC to change and diminish its speech and participation in the notice-and-comment process on issues of national importance. ACC also is unable to freely and fully associate with its members, who are afraid of government retaliation and are therefore limited in their ability to communicate with ACC and participate in ACC's advocacy efforts. For these reasons and the reasons in the attached memorandum of points and authorities and supporting

declarations, as well as the prior written and oral argument submissions incorporated by reference therein, *see* Fed. R. Civ. P. 10(c), the Court should issue a temporary restraining order and grant a preliminary injunction in the form proposed below, enjoining Bonta from further pursuing enforcement of his subpoena.

With every day that Bonta pursues his subpoena, ACC is suffering an unjustifiable burden on its constitutional rights. And without urgent action, Bonta may be able to access ACC's withheld materials through other means, which would make it impossible for this Court to render fully effective relief. This Court should confirm that the First Amendment protects the rights of ACC and its members rights to freely speak, associate, formulate advocacy positions, and participate in petitioning the federal government without intrusion, interference, or threats from the California Attorney General.

The motion for a temporary restraining order and a preliminary injunction should be granted.

Dated: September 19, 2024                Respectfully submitted,

                                         */s/ Kwaku A. Akowuah*

                                         Kwaku A. Akowuah (D.C. Bar No. 992575)
                                         Jillian S. Stonecipher (D.C. Bar No. 1030214)
                                         Anna F. Boardman (D.C. Bar No. 90015086)
                                         SIDLEY AUSTIN LLP
                                         1501 K Street, N.W.
                                         Washington, D.C. 20005
                                         (202) 736-8000
                                         kakowuah@sidley.com
                                         jstonecipher@sidley.com
                                         aboardman@sidley.com

                                         David L. Anderson (CA Bar No. 149604)
                                         (admitted *pro hac vice*)
                                         Sheila A.G. Armbrust (CA Bar No. 265998)
                                         (admitted *pro hac vice*)

        David Goldenberg (D.C. Bar No. 1602274)
(admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
(415) 772-1200
dlanderson@sidley.com
sarmbrust@sidley.com
dgoldenberg@sidley.com

*Counsel for Plaintiff American Chemistry Council, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 19, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: September 19, 2024

Respectfully submitted,

*/s/ Kwaku A. Akowuah*
Kwaku A. Akowuah (D.C. Bar No. 992575)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
kakowuah@sidley.com

*Counsel for Plaintiff American Chemistry Council, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL, INC., *Plaintiff*, v. ROB BONTA, in his Official Capacity as Attorney General of California *Defendant*. | Case No. 1:24-cv-01533-APM<br><br>HON. AMIT P. MEHTA |

**PROPOSED ORDER GRANTING
MOTION FOR TEMPORARY RESTRAINING ORDER**

On September 19, 2024, Plaintiff American Chemistry Council, Inc. ("ACC") filed an amended motion for a temporary restraining order and for preliminary injunctive relief against Defendant Rob Bonta, the Attorney General for the State of California. After considering the parties' arguments and evidence submitted, the Court grants the motion and enters the following Temporary Restraining Order. It is hereby:

**ORDERED** that Rob Bonta, Attorney General of the State of California, together with his agents and employees within the Office of the Attorney General (collectively "Defendant Bonta"), is enjoined from enforcing the Investigative Subpoena issued to ACC on December 6, 2023; and it is further

**ORDERED** that Defendant Bonta refrain from further pursuing or enforcing the Petition to Enforce Investigative Subpoena filed in the Superior Court of California County of Sacramento on May 28, 2024 and assigned case number 24CV010509 ("Petition"); and further that Defendant

1

Bonta withdraw the Petition, and take all possible action to prevent further proceedings on the Petition from occurring; and it is further

**ORDERED** that Defendant Bonta is enjoined from issuing any additional subpoenas, or taking steps purporting to mandate any action on behalf of ACC (including ACC's officers, employees and agents), related to the investigation of the Plastics Industry announced by Defendant Bonta on April 28, 2022.

Defendant is further **ORDERED** to show cause on _____, at _____ before this Court as to why a preliminary injunction to the same effect should not issue.

This order shall remain in effect until _____.


Dated: _____

HONORABLE AMIT P. MEHTA
United States District Judge


**Attorneys for Service:**

Kwaku A. Akowuah (D.C. Bar No. 992575)
Jillian S. Stonecipher (D.C. Bar No. 1030214)
Anna F. Boardman (D.C. Bar No. 90015086)
SIDLEY AUSTIN LLP
1501 K Street NW Washington, D.C. 20005
Telephone: +1 202 736-8000
kakowuah@sidley.com
jstonecipher@sidley.com
aboardman@sidley.com

David L. Anderson (CA Bar No. 149604) (admitted *pro hac vice*)
Sheila A.G. Armbrust (CA Bar No. 265998) (admitted *pro hac vice*)
David Goldenberg (D.C. Bar No. 1602274) (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000 San Francisco, CA 94104
Telephone: +1 415 772 1200
dlanderson@sidley.com
sarmbrust@sidley.com

dgoldenberg@sidley.com

*Counsel for Plaintiff American Chemistry Council, Inc.*

Elizabeth B. Rumsey
Deputy Attorney General
1515 Clay St., 20th Fl.
1515 Clay Street
20th Floor
Oakland, CA 94612
Telephone: (510) 879-0860
Liz.Rumsey@doj.ca.gov

*Counsel for Defendant Rob Bonta, Attorney General of the State of California*