## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN CHEMISTRY COUNCIL, INC.,

      *Plaintiff*,

v.

ROB BONTA, in his Official Capacity as
Attorney General of California,

      *Defendant*.

Case No. 1:24-cv-01533-APM

HON. AMIT P. MEHTA

**ORAL ARGUMENT REQUESTED**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMERICAN CHEMISTRY COUNCIL, INC'S RENEWED MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**<u>TABLE OF CONTENTS</u>**

I.      INTRODUCTION ................................................................................................................1

II.     ARGUMENT .....................................................................................................................3

        A.      The Court May Exercise Personal Jurisdiction under Subsection (a)(4) of
                the D.C. Long-Arm Statute. ...................................................................................3

        B.      The Court May Exercise Personal Jurisdiction under Subsections (a)(1) or
                (a)(3) of the D.C. Long-Arm Statute. ....................................................................7

III.    CONCLUSION...................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Akhmetshin v. Browder*,
   275 A.3d 290 (D.C. 2022) ................................................................................................5

*Allen v. Russian Federation*,
   522 F. Supp. 2d 167 (D.D.C. 2007) ..............................................................................7, 8

*Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*,
   473 F. Supp. 3d 361 (S.D.N.Y. 2020) ..............................................................................8

*Blumenthal v. Drudge*,
   992 F. Supp. 44 (D.D.C. 1998) ........................................................................................5

*Burnham v. Superior Ct. of California, Cnty. of Marin*,
   495 U.S. 604, 619 (1990) .................................................................................................9

*Crane v. Carr*,
   814 F.2d 758 (D.C. Cir. 1987) .........................................................................................5

*Etchebarne–Bourdin v. Radice*,
   982 A.2d 752 (D.C. 2009) ................................................................................................5

*Harrington v. DC Winery, LLC*,
   No. CV 22-689, 2023 WL 5561604 (D.D.C. Aug. 29, 2023) ..........................................8

*Klayman v. Obama*,
   142 F. Supp. 3d 172 (D.D.C. 2015) .................................................................................4

*Lewy v. S. Poverty L. Ctr., Inc.*,
   723 F. Supp. 2d 116 (D.D.C. 2010) .................................................................................5

*Rockwell Int'l Corp. v. United States*
   549 U.S. 457 (2007) .......................................................................................................7, 8

*Sazerac Co. v. Hood River Distillers, Inc.*,
   No. 3:12-CV-79, 2012 WL 6645730 (W.D. Ky. Dec. 20, 2012) .............................................8

*Scott-Blanton v. Universal City Studios Prods., LLP*,
   244 F.R.D. 67 (D.D.C. 2007) ...........................................................................................2

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7 (2008) .............................................................................................................1

**Statutes**

D.C. Code § 13-423 ................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 10(c) ............................................................................................................1

Fed. R. Civ. P. 12(h) ............................................................................................................9

Fed. R. Civ. P. 15(a)(1)(B) ..................................................................................................2

Fed. R. Civ. P. 15
    advisory committee's note to 2023 amendment ...........................................................2

## I.      INTRODUCTION

Plaintiff the American Chemistry Council, Inc. ("ACC") renews its motion for a temporary restraining order and preliminary injunction. ACC filed its initial motion on June 13, 2024. ECF No. 16. This Court denied the motion on September 11, 2024, holding that ACC had not demonstrated a likelihood that it would establish personal jurisdiction over Defendant California Attorney General Rob Bonta. ECF No. 30. The Court denied ACC's motion without reaching the merits of ACC's claims or the remaining preliminary injunction factors. *Id.*

ACC previously explained that Bonta's extraordinary conduct violates the United States and California constitutions and warrants urgent injunctive relief. *See* ECF Nos. 1, 16, 25. The Court has already received full briefing and argument from the parties with respect to the preliminary injunction factors. In the interest of judicial economy, and consistent with its practical need for expedition, ACC incorporates its prior briefs and argument by reference into this request for a preliminary injunction and temporary restraining order. *See* Fed. R. Civ. P. 10(c) (authorizing incorporation by reference); ECF Nos. 16, 25, 27, 28. ACC submits it has demonstrated through those prior briefs and argument a likelihood of success on the merits of its claims that Bonta is violating its First Amendment rights, that it will suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Id.*; *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). ACC also submits it has demonstrated that Bonta's requests for abstention under the *Younger* and *Colorado River* doctrines should be denied. This renewed preliminary injunction motion therefore focuses on personal jurisdiction and in particular seeks to address the concerns about the exercise of personal jurisdiction that the Court articulated in its September 11, 2024 order.

In response to the Court's September 11 order, ACC has amended its complaint, which it may do as of right, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). *See also* Fed. R. Civ. P. 15 advisory committee's note to 2023 amendment (clarifying that "the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B)", i.e., "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"). Bonta has not filed a responsive pleading or Rule 12 motion, and ACC has not previously amended its complaint, so ACC is entitled to amend its original pleading. Fed. R. Civ. P. 15(a)(1)(B); *Scott-Blanton v. Universal City Studios Prods., LLP*, 244 F.R.D. 67, 69–70 (D.D.C. 2007).

ACC's amended complaint and this motion and its attachments aim to show that ACC is likely to establish that the Court has personal jurisdiction over Bonta, regardless of whether Bonta's relevant actions are deemed to have occurred entirely outside the District of Columbia (as the Court indicated in its September 11 ruling) or those actions are deemed to have occurred at least in part within the District (as ACC has primarily contended). If the former, the Court may exercise jurisdiction under subsection (a)(4) of the District's Long-Arm statute. If the latter, the Court may exercise jurisdiction under subsections (a)(1) and/or (a)(3) of the statute. Either way, the Court should conclude that it may exercise personal jurisdiction over Bonta on the unique facts of this case, which include that a state attorney general has issued a subpoena that specifically targets a D.C. trade association, the state attorney general seeks constitutionally protected information concerning the trade association's participation in a federal regulatory proceeding centered in the District, the attorney general's office participated in the same federal regulatory proceeding (including through an in-person appearance in D.C.), and the state attorney general

personally served the D.C. trade association, in the District, with a petition to enforce the information demands made in the subpoena. Ex. 3, Decl. of Ted Waugh.

ACC respectfully requests that the Court rule with expedition.  Specifically, ACC requests that the Court rule on the renewed motion for a preliminary injunction no later than October 8, 2024, prior to an upcoming October 9 California state-court hearing on Bonta's petition to enforce the subpoena.[1]

A ruling in that timeframe would also serve the interests of justice and judicial economy in a second respect, because ACC's time in which to appeal the September 11 order denying ACC's initial preliminary injunction motion runs only to October 11, 2024 under Federal Rule of Appellate Procedure 4. If the Court intends to deny ACC's renewed motion, a denial in the requested timeframe would allow ACC to seek review of both orders simultaneously, facilitating review by the Court of Appeals. If the Court intends to grant ACC's renewed motion, a ruling in that timeframe will protect ACC's First Amendment rights and shield it from ongoing harm, including the Attorney General's continuing attempts to vitiate ACC's First Amendment rights by enforcing his unlawful subpoena.

## II.     ARGUMENT

### A.     The Court May Exercise Personal Jurisdiction under Subsection (a)(4) of the D.C. Long-Arm Statute.

District law authorizes the exercise of personal jurisdiction over "a person" who "caus[es] tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or

---

[1] This hearing was previously scheduled for September 18, 2024, but the California court rescheduled that hearing on its own motion to October 9, 2024. Minutes, *California ex rel. Bonta v. Am. Chemistry Council, Inc.*, No. 24CV010509 (Cal. Super. Ct. Sept. 18, 2024).

derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a)(4).

The Court's decision on ACC's initial preliminary injunction motion concluded that the Attorney General's relevant pre-complaint conduct occurred entirely outside of the District and thus did not support jurisdiction under § 13-423 subsections (a)(1) and (a)(3), which pertain to in-District conduct. It then declined to consider ACC's allegations and evidence relating to subsection (a)(4), finding ACC had forfeited reliance on subsection (a)(4), for purposes of the then-pending preliminary injunction motion, by raising it in supplemental briefing. ECF No. 30 at 9 n.2.

ACC's evidence and argument regarding (a)(4) are now squarely before the Court, and the Court should find they will likely establish personal jurisdiction over Bonta. *See Klayman v. Obama*, 142 F. Supp. 3d 172, 182, 198 (D.D.C. 2015) (granting renewed motion for preliminary injunction based on amended pleadings). If all of the Attorney General's relevant conduct occurred outside the District (as the Court previously concluded), then, because ACC has alleged that his conduct injured ACC in the District, where ACC resides, subsection (a)(4) provides a direct basis for the exercise of personal jurisdiction. Further, because numerous events relevant to the (a)(4) analysis occurred prior to ACC filing its initial complaint in the action (such as the December 6, 2023 service of the subpoena and the Attorney General's May 3, 2024 demand letter), an (a)(4) analysis would not require the Court to address whether conduct that occurs after the filing of the initial complaint but before the filing of the amended complaint can be considered in assessing personal jurisdiction.

In providing for jurisdiction when "an act or omission outside the District of Columbia" "caus[es] tortious injury in the District of Columbia," subsection (a)(4) also requires a nexus of additional contacts between the District and the defendant, such as that the defendant "regularly

does or solicits business, [or] engages in any other persistent course of conduct … in the District of Columbia." *See Crane v. Carr*, 814 F.2d 758, 763 (D.C. Cir. 1987) (quoting D.C. Code § 13-423(a)(4)). "[T]he business done or persistent course of conduct 'plus factor' is satisfied by connections considerably less substantial than those it takes to establish general, all-purpose 'doing business'- or 'presence'-based jurisdiction." *Id*. Moreover, the "'persistent course of conduct' under subsection (a)(4) need not be related to the act that caused the injury." *Id.* Indeed, "unlike the 'transacting business' nexus employed in § 13-423(a)(1), subsection (a)(4) contemplates a connection that may be unrelated to the claim in suit." *Id.*; *see also Etchebarne–Bourdin v. Radice*, 982 A.2d 752, 763 (D.C. 2009). Courts aggregate contacts unrelated to one another or to the circumstances of a particular cause of action to consider the totality of a defendant's contacts to D.C. *Lewy v. S. Poverty L. Ctr., Inc.*, 723 F. Supp. 2d 116, 123 (D.D.C. 2010). Just two in-person visits to the District, when combined with telephonic and mail contacts with D.C. residents, and active engagement with the political life of the District, "are contacts that together are sufficient to establish that [a defendant] engaged in a persistent course of conduct in the District of Columbia." *Blumenthal v. Drudge*, 992 F. Supp. 44, 57 (D.D.C. 1998).

Bonta's contacts more than satisfy the "persistent course of conduct" standard. First, he participates in federal agency proceedings such as the FTC process at issue in the District, efforts which are ongoing.[2] Am. Compl. ¶ 5; Ex. 4.  As his counsel put it, "Bonta knows how to play the regulatory rule-making game." Aug. 28, 2024 Hr'g Tr. at 61:5–6, ECF No. 28. He "submitted [his]

---

[2] The "government contacts exception" does not apply to assertions of personal jurisdiction under the "persistent course of conduct" provision. *Akhmetshin v. Browder*, 275 A.3d 290, 296 (D.C. 2022). ACC acknowledges that the "government contacts exception" does apply to subsection (a)(1), *id.*, and thus that government contacts are not relevant to the Court's consideration of whether Bonta "transacts business" in the District.

own comments to the FTC, participated in their panels, and [is] playing an active role on that front." *Id.* at 61:7–9. That is, in itself, a persistent course of conduct. It is also an eminently fair basis for personal jurisdiction because it involves Bonta's own efforts to advocate in the same federal regulatory proceeding in which ACC was also participating—ACC advocacy which Bonta's actions directly targeted, and have chilled. As Bonta's litigation counsel explained in pre-litigation correspondence, the Attorney General's position is that submitting comments to the FTC "in an attempt to sway the FTC's decision-making" is what "has put the Study front and center" and, supposedly, placed ACC's confidential internal communications "at issue" in a manner that justifies Bonta's demand to obtain them.

Second, Bonta persistently travels to the District to attend events and give press interviews intended to inform the public about the activities of his office. Am. Compl. ¶ 29; Exs. 5–6. Third, he has a persistent course of conduct of engaging in unrelated political conduct in D.C. Am. Compl. ¶¶ 29, 30; Ex. 7. For example, he participates in other federal agency proceedings, *see, e.g.*, Am. Compl. ¶ 48,  attends the state of the union, and files amicus briefs in D.C.-based courts. Exs. 8–16.

The core point is that Bonta is no stranger to the District. He and his subordinates are here consistently. They participate in the life of the District and take advantage of all that it offers, including but not limited to its political life. When they act outside of the District in a manner that causes injury inside the District, they should be amenable to suit in the Superior Court and in this Court, just as subsection (a)(4) provides generally. Here, that straightforward application of subsection (a)(4) is critical to protect the constitutional rights of ACC and (by extension) other D.C. residents, including their rights to participate in federal agency proceedings occurring right

here in the Capital City without facing harassment or interference from state law enforcement officials who hold opposing advocacy positions.

### B. The Court May Exercise Personal Jurisdiction under Subsections (a)(1) or (a)(3) of the D.C. Long-Arm Statute.

The Court distinguished this case from its prior decisions in the *Media Matters* cases by explaining that in those matters "defendants had established their presence in the District through a *business* activity—contracting with a process service—that was directed at a District resident." ECF No. 30 at 15–16. The Court reasoned that ACC had not pointed to similar "business activity." The Court declined to consider that Bonta also contracted with a process server to serve a petition to enforce his subpoena on a District resident, on the grounds that service of the petition occurred four days after the initial complaint was filed. *Id.* at 12. ACC's amended complaint post-dates the in-person service of Bonta's petition to enforce and therefore makes this case functionally identical to the *Media Matters* cases.

The Court suggested in the September 11 order that an amended complaint might not change the jurisdictional contacts a court may consider. The Court cited *Allen v. Russian Federation*, 522 F. Supp. 2d 167, 193–94 (D.D.C. 2007), as holding that an amended complaint could not cure the absence of personal jurisdiction at the time of the suit's filing. ECF No. 30 at 20–21. But *Allen* refrained from reaching a conclusion on that point—the court stated that it "need not make a definitive determination because, even assuming *arguendo* that [post-complaint, pre-amended complaint] contacts may be considered by the Court, Plaintiffs have not met their burden." *Id.* at 194. Further, the *Allen* court's concern as to whether it could consider events that post-dated the original complaint but pre-dated the amended complaint rested in significant part on its belief that personal jurisdiction must be measured as of when the *action* begins; and the court questioned whether an amendment begins the action anew. *Id.* But the *Allen* court did not consider

7

the Supreme Court's decision in *Rockwell Int'l Corp. v. United States*, which had issued a few months earlier. 549 U.S. 457, 473 (2007). In *Rockwell*, the Supreme Court squarely rejected, in evaluating subject matter jurisdiction, the idea that jurisdiction must be determined only at the time an action is initiated, holding "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Id.* at 473–74.

The same should be true for personal jurisdiction given that parties generally may amend pleadings to cure defects relating to personal jurisdiction. *See Harrington v. DC Winery, LLC*, No. CV 22-689, 2023 WL 5561604, at *3 (D.D.C. Aug. 29, 2023); *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.,* 473 F. Supp. 3d 361 (S.D.N.Y. 2020) (collecting cases); *see also Sazerac Co. v. Hood River Distillers, Inc.*, No. 3:12-CV-79, 2012 WL 6645730, at *4 (W.D. Ky. Dec. 20, 2012) (amended complaint established jurisdiction with post-complaint contacts). And to the extent that the Court is concerned about considerations of fair warning regarding post-complaint conduct (ECF No. 30 at 10–11), those considerations of fairness should be handled on a case-by-case basis, not as a blanket principle that conflicts with how the Supreme Court has directed courts to address questions of subject-matter jurisdiction.[3]

Here, what is at issue is the defendant's litigation-related conduct, namely, his decision to respond to the filing and service of this suit by pursuing parallel litigation in California, and then hiring a process agent to effect service on ACC at ACC's D.C. headquarters. It is decidedly fair to

---

[3] Notably, in *Allen*, the court rejected these kinds of fairness concerns, explaining "once a defendant has received notice of a lawsuit in a particular jurisdiction, and especially where a defendant asserts it is not subject to a particular forum's jurisdiction, it appears the defendant has more than enough fair notice that entering the forum or otherwise creating contacts with the forum might subject it to the forum's jurisdiction." 522 F. Supp. 2d at 193 n.20.

consider such voluntary litigation-related conduct in determining personal jurisdiction, just as a court may fairly consider whether a defendant entered (or even flew over) the jurisdiction after the complaint was filed and was tagged with service within it, *see Burnham v. Superior Ct. of California, Cnty. of Marin,* 495 U.S. 604, 619 (1990), whether the defendant simply waited too long to raise personal jurisdiction, *see* Fed. R. Civ. P. 12(h), or whether the defendant otherwise engaged in litigation-related conduct inconsistent with resisting the exercise of personal jurisdiction. *See* ECF No. 30 at 11–12. The Court may therefore, at a minimum, consider all facts relevant to the ascertainment of personal jurisdiction that occurred prior to the filing of ACC's amended complaint.

Note that there also is no factual record as to when Bonta engaged a process server to serve his petition. Bonta has never argued that this contractual activity post-dates ACC's complaint, and certainly Bonta contracted with the process server at some point prior to serving the petition. *See* Am. Compl. ¶ 24. The Court raised the timing of any contracting activity *sua sponte*, and Bonta has never taken a position that the contracting activity came too late to be considered.

Further, ACC's amended complaint alleges additional business activity that Bonta has engaged in in the District, prior to ACC's initial complaint. Bonta alleges that his subpoena is part of, and should be considered within the scope of, a wide-ranging investigation, *see* ECF No. 24-2 at ¶ 2, and the Court accepted this argument, finding that the subpoenas served on ACC and the defendant in a separate matter, the Plastics Industry Association, "are part of a wider investigation of the plastics industry that has been ongoing since 2022." ECF No. 30 at 18. As part of that investigation, which Bonta alleges is the conduct challenged in this case, Bonta "contract[ed] with a process server" to pursue the investigation in D.C. prior to ACC filing this suit. At a minimum, Bonta served a "Preservation Notice" via a process server he hired to serve the notice on the

Plastics Industry Association in the District on April 28, 2022. Am. Compl. ¶ 25. According to Bonta's own theory of the scope of the conduct challenged by ACC, ACC's claims arise out of or relate to Bonta's business activity in D.C.

## III.   CONCLUSION

For the foregoing reasons and those stated in ACC's prior briefs, evidence, and argument, the Court should grant a temporary restraining order and preliminary injunction enjoining Bonta from further pursuing enforcement of his subpoena and requiring him to withdraw his pending enforcement petition from the California courts. ACC respectfully requests, for the reasons stated in the introduction, that the Court act on this renewed preliminary injunction request on or before October 8, 2024.

Dated:  September 19, 2024                          Respectfully submitted,

                                        /s/ *Kwaku A. Akowuah*

                                        Kwaku A. Akowuah (D.C. Bar No. 992575)
                                        Jillian S. Stonecipher (D.C. Bar No. 1030214)
                                        Anna F. Boardman (D.C. Bar No. 90015086)
                                        SIDLEY AUSTIN LLP
                                        1501 K Street NW
                                        Washington, D.C. 20005
                                        Telephone: 202 736-8000
                                        kakowuah@sidley.com
                                        jstonecipher@sidley.com
                                        aboardman@sidley.com

                                        David L. Anderson (CA Bar No. 149604)
                                        (admitted *pro hac vice*)
                                        Sheila A.G. Armbrust (CA Bar No. 265998)
                                        (admitted *pro hac vice*)
                                        David Goldenberg (D.C. Bar No. 1602274)
                                        (admitted *pro hac vice*)

SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415 772-1200
dlanderson@sidley.com
sarmbrust@sidley.com
dgoldenberg@sidley.com

*Counsel for Plaintiff American Chemistry
Council, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: September 19, 2024

Respectfully submitted,

*/s/ Kwaku A. Akowuah*
Kwaku A. Akowuah (D.C. Bar No. 992575)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
kakowuah@sidley.com

*Counsel for Plaintiff American Chemistry Council, Inc.*

12