UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CHEMISTRY COUNCIL, INC., *Plaintiff*, v. ROB BONTA, in his Official Capacity as Attorney General of California, *Defendant*. | Case No. 1:24-cv-01533-APM HON. AMIT P. MEHTA |

**PLAINTIFF THE AMERICAN CHEMISTRY COUNCIL, INC.'S UNOPPOSED MOTION TO DISMISS PURSUANT TO RULE 41(a)(2)**

Plaintiff the American Chemistry Council, Inc. ("ACC") respectfully moves for an order dismissing the above-entitled action without prejudice under Federal Rule of Civil Procedure 41(a)(2), with each party to bear its own costs, fees, and expenses. The parties have mutually negotiated the Settlement and Release Agreement (Exhibit 1), which includes a request that the Court retain continuing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673 (1994).

The parties have met and conferred and this motion is unopposed.

Dated: January 20, 2026

Respectfully submitted,

*/s/ Kwaku A. Akowuah*

Kwaku A. Akowuah (D.C. Bar No. 992575)
Jillian S. Stonecipher (D.C. Bar No. 1030214)
Anna F. Boardman (D.C. Bar No. 90015086)
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, D.C. 20005

Telephone: 202 736-8000
kakowuah@sidley.com
jstonecipher@sidley.com
aboardman@sidley.com

David L. Anderson (CA Bar No. 149604)
(admitted *pro hac vice*)
Sheila A.G. Armbrust (CA Bar No. 265998)
(admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415 772-1200
dlanderson@sidley.com
sarmbrust@sidley.com

*Counsel for Plaintiff American Chemistry Council, Inc.*

# EXHIBIT 1

## Settlement and Release Agreement

Plaintiff the American Chemistry Council, Inc. ("ACC" or "Plaintiff") and Defendant California Attorney General Rob Bonta (together with his office, "the Attorney General" or "Defendant," and together with ACC, "the Parties"), hereby enter into this Settlement Agreement for the purpose of resolving *American Chemistry Council, Inc. v. Bonta*, 1:24-cv-01533-APM without further judicial proceedings. The Parties hereby state as follows:

**WHEREAS**, on December 6, 2023, the Attorney General issued an investigatory subpoena ("Subpoena") to ACC seeking documents related to an environmental claims study commissioned by ACC. Specifically, the Subpoena sought documents and communications related to the study, including but not limited to, (1) the "proposal, planning, execution, and follow-up" regarding the study, and (2), the "funding" of the study. ACC had submitted the commissioned study as part of its comments in response to the Federal Trade Commission's ("FTC") request for comments on the FTC's Guides for the Use of Environmental Marketing Claims (16 CFR Part 260, "Green Guides"), Matter No. P954501, 87 Fed. Reg. 77,766 (Dec. 20, 2022);

**WHEREAS**, on March 15, 2024, ACC provided a 50-page privilege log, in which ACC listed 550 documents withheld from production in response to the Subpoena based on "associational, petitioning and free speech privileges of the United States and California Constitutions" ("Privilege Log"). The Privilege Log described the documents as either "confidential communication resulting from communications with member" or "confidential communication with member." All 550 log entries included the same date range from January 1, 2021, to December 6, 2023;

**WHEREAS**, on May 24, 2024, ACC brought an action against the Attorney General in the United States District Court for the District of Columbia: *American Chemistry Council, Inc. v. Bonta*, 1:24-cv-01533-APM (the "Litigation");

**WHEREAS**, in the Litigation, ACC claimed, *inter alia*, that the Attorney General's Subpoena and subsequent efforts to enforce the Subpoena were retaliation for ACC's exercise of its First Amendment rights. ACC also asserted that certain documents sought by the Attorney General, namely the 550 documents listed on the Privilege Log, are protected from disclosure by the Associational Privilege and other First Amendment principles because their disclosure "would reveal the strategy, timing, focus, policy perspectives, viewpoints, identity, and preferences of ACC and its members engaged in petitioning the FTC and responding to the FTC's request for comment on the Green Guides";

**WHEREAS**, in the Litigation, the Attorney General denied these allegations and asserted that ACC had failed to substantiate its privilege claims;

**WHEREAS**, on October 7, 2024, the Attorney General voluntarily withdrew the Subpoena and sought dismissal of a petition it had filed to enforce the Subpoena in Sacramento County Superior Court, Case. No. 24-cv-010509;

**WHEREAS**, the Attorney General also represented in the Litigation that it would not in the future issue an investigative subpoena pursuant to California Government Code Section

1

11180 *et seq.*, to ACC "that seeks the documents at issue in this matter, namely the 550 documents related to the [study] that ACC has asserted are protected from disclosure by the First Amendment";

**WHEREAS**, the District Court determined on May 1, 2025, that the Litigation continued to present a live controversy notwithstanding the voluntary withdrawal of the Subpoena because the Attorney General had committed only to refraining from demanding the records in dispute through an investigative subpoena but had left open the possibility of obtaining the documents;

**WHEREAS**, on May 1, 2025, the District Court accordingly denied the Motion to Dismiss that the Attorney General had filed on October 10, 2024, and thereafter set a schedule for discovery;

**WHEREAS**, in light of the expense and time involved in continuing the Litigation, the Parties intend to fully settle and discharge all disputes and claims arising from the Litigation on the terms described below;

**NOW, THEREFORE**, in consideration of the promises and mutual covenants set forth herein, the Parties agree as follows ("Agreement"):

1. ACC attests that the 550 documents listed on the Privilege Log relate to the preparation or submission of ACC's April 20, 2023, comments, which included the commissioned study, to the FTC ("the Documents").

2. The Attorney General's Office agrees that it shall not knowingly seek to compel ACC or any current member of ACC's Plastics Division (identified by name in Exhibit A) to produce any of the Documents in any of the following ongoing matters: (a) *American Chemistry Council v. Bonta*, No. 24-cv-1533 (APM) (D.D.C.); (b) *People of the State of California v. Exxon Mobil Corporation*, No. CGC-24-618323 (Cal. Super. Ct. filed Sept. 23, 2024); (c) *Exxon Mobil Corporation v. Bonta*, No. 1:25-cv-11 (E.D. Tex., filed Jan. 6, 2025); and (d) the Attorney General's "Investigation into the Petrochemical Industry for Its Role in the Plastic Pollution Crisis," initiated on April 28, 2022. The Attorney General's Office attests that there are no other known pending or anticipated investigations or matters prosecuted or defended by the Attorney General's Office where these documents might be relevant. The parties agree that, to the extent the Attorney General makes a request for production encompassing one or more Documents in connection with any of the matters described in this paragraph, notwithstanding the Attorney General's commitment as stated in the first sentence of this paragraph, the Documents shall be identified as privileged from production. It is within the responding party's discretion to disclose that a document responsive to an Attorney General request is subject to this Agreement.

3. In exchange for the Attorney General's agreement in Section 2, ACC agrees to dismiss the Litigation by way of a voluntary dismissal pursuant to Rule 41(a)(2) without prejudice. In the event the Attorney General is determined by a court of competent jurisdiction to have breached the agreement in Section 2

("Determination"), ACC shall no longer be bound by this Section 3 and shall be entitled to reinstate the claims in the Litigation. In the event of such reinstatement, the Attorney General shall not assert any defense based on the passage of time between (i) the execution date of this Agreement and (ii) the date of the Determination.

4. Other than as set forth in Sections 1 through 3 above, this Agreement does not preclude the Attorney General from seeking to compel the production of any other material from ACC or its members, including but not limited to communications between ACC and its members. This Agreement (including any reliance on or invocation of this Agreement) shall not act as a waiver of any assertion of privilege or objection, and all parties reserve the right to make relevant objections to any such future requests.

5. This Agreement does not constitute an admission of liability on the part of any Party for any claims or causes of action. Nothing contained herein shall be construed as an admission by any Party that any claims, defenses, or causes of action have any basis in law or fact or are properly asserted.

6. MISCELLANEOUS.

    Retention of Jurisdiction. Subject to the Court's consent, the Court shall retain continuing jurisdiction to interpret and enforce the provisions of this Agreement and to address any other matters arising out of or regarding this Agreement until a final judgment or dismissal has been entered in matters (a), (b), and (c) described in Section 2. As to matter (d) in Section 2, when the investigation is concluded, the Attorney General shall submit a statement to the Court to that effect.

    Incorporation by Reference. The Recitals to this Agreement are incorporated by reference in this Agreement and are thereby made an integral part of this Agreement as though fully set forth herein. Any reference to this Agreement (or any portion) shall include such document as originally executed and as it may from time to time be supplemented, amended or modified.

    Entire Agreement. This Agreement, along with Exhibit A, constitutes and contains the entire agreement and understanding among the Parties with respect to its subject matter, and supersedes, extinguishes, and replaces all prior negotiations, representations, promises, and proposed agreements, whether written or oral, on the subject hereof. It is understood and agreed that all understandings and agreements heretofore had between the Parties are merged in this Agreement, and fully and completely express their agreement. The Parties acknowledge that they are not relying upon any statement, representation, promise or discussion, whether written or oral, not embodied in this Agreement, made by the other party.

    Modification. This Agreement may not be amended or modified orally or by conduct occurring before or after its execution. All amendments and modifications must be in writing, signed by all affected Parties or their authorized representatives.

<u>Construction and Interpretation</u>. This Agreement is a product of negotiation between the Parties and is not to be interpreted more strongly in favor of one or the other in any later interpretation or enforcement by reason of authorship or for any other reason. The making, execution, and delivery of this Agreement have been induced by no representations, statements, warranties or agreements other than those expressed within this Agreement.

<u>Implementation</u>. The Parties agree to otherwise reasonably cooperate as necessary to carry out the purpose and intent of this Agreement.

<u>Severability</u>. Every provision of this Agreement other than Sections 2 and 3 is intended to be severable. If any term or provision of the Agreement (other than Sections 2 and 3) is declared by a court of competent jurisdiction to be illegal or invalid for any reason whatsoever, such illegality or invalidity, to the extent equitable, shall not affect the balance of the terms and provisions hereof, which shall remain binding and enforceable. The Parties shall negotiate in good faith for the purpose of replacing any invalid or unenforceable provision hereof with a valid and enforceable provision having a legal effect as similar as possible to the original.

Dated: January 20, 2026

/s/ Elizabeth B. Rumsey

ROB BONTA
Attorney General of California
DANIEL A. OLIVAS
Senior Assistant Attorney General
DEBORAH M. SMITH
Acting Senior Assistant Attorney General
VANESSA C. MORRISON
DENNIS L. BECK, JR.
Supervising Deputy Attorneys General
ELIZABETH B. RUMSEY
ANGELA T. HOWE
Deputy Attorneys General

*Attorneys for Defendant Rob Bonta, in his Official Capacity as Attorney General of California*

Dated: January 20, 2026

/s/ Kwaku A. Akowuah

Kwaku A. Akowuah
Sheila A.G. Armbrust
SIDLEY AUSTIN LLP

*Counsel for Plaintiff American Chemistry Council, Inc.*

4

**EXHIBIT A**

| | |
|---|---|
| Alterra | NOVA Chemicals Corporation |
| Amcor | NPX One |
| Americas Styrenics LLC | Pregis LLC |
| BASF Corporation | Renu Environmental Inc. |
| Braskem America, Inc. | SABIC |
| Braven Environmental, LLC | Sealed Air |
| Brightmark Corporation | Shell Chemical LP |
| Chevron Phillips Chemical Company LP | Styropek USA, Inc. |
| Covestro LLC | Syensqo |
| DuPont | The Dow Chemical Company |
| Eastman Chemical Company | The Vinyl Institute |
| Exxon Mobil | Trinseo |
| Freepoint Eco Systems Holdings, Inc. | W. R. Grace & Co. |
| LyondellBasell | |
| Mura Technology | |
| Nexus Circular LLC | |

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: January 20, 2026

Respectfully submitted,

*/s/ Kwaku A. Akowuah*
Kwaku A. Akowuah (D.C. Bar No. 992575)
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
kakowuah@sidley.com

*Counsel for Plaintiff American Chemistry Council, Inc.*